UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Kevin Alexander & Alma Alexander,

Plaintiffs

v.

The Croix Townhomes LLC, et al.,

Defendants

Case No. 2:22-cv-02051-CDS-EJY

**Order Dismissing Plaintiffs' Claim of Housing Discrimination, Remanding Case to State Court, Denying as Moot Pending Motions, and Setting Hearing for Sanctions of Attorney Alexis Brown**

[ECF Nos. 13, 17]

Kevin and Alma Alexander, the plaintiffs in this defamation and housing discrimination case, sue defendant The Croix Townhomes LLC for an alleged statement made by defendant Lizbeth Estrada, an employee of The Croix, to Sylvia Branigan, a Family Services Specialist for the Nevada Department of Health and Human Services, Division of Child and Family Services ("DFS"). Estrada allegedly told Branigan that the Alexanders had not "been themselves for the past 3–4 months. The apartment staff haven't been allowed into the unit due to the family coming up with excuses. [Alma] came in the office one day smelling like alcohol." Compl., ECF No. 1-2 at ¶ 43. Based on that statement, the Alexanders sued the defendants in Nevada's Eighth Judicial District Court for various state-law tort and contract claims as well as a claim for housing discrimination based on age and/or familial status under 42 U.S.C. § 3604(b). *Id.* at ¶¶ 148–61. However, Alexis L. Brown, then-counsel for the Alexanders, pled their housing discrimination claim under "24 U.S.C. § 3604(b)" (a non-existent statute) rather than 42 U.S.C. § 3604(b) (the appropriate subchapter for housing discrimination claims).

The defendants subsequently removed the lawsuit to this court, citing the plaintiffs' erroneous listing of the statute as the basis for federal subject-matter jurisdiction. ECF No. 1 at 2 (citing 24 U.S.C. § 3604(b)). The Alexanders then moved to remand the case back to state court, arguing that—despite the language appearing in their own complaint—"24 U.S.C. § 3406(b)

[*sic*] is not a proper citation to any [f]ederal law that would provide the [p]laintiffs in this case any relief for the [d]efendants' conduct." ECF No. 13 at 5. I note here that Brown made a second typo in describing the statute (citing § 3406(b) rather than § 3604(b), in addition to 24 U.S.C. rather than 42 U.S.C.), despite only the latter error appearing in both the complaint and the defendants' removal petition. Nonetheless, the defendants quickly pointed out her mistake: "it is clear to anybody honestly reading [p]laintiffs' complaint that [p]laintiffs meant to assert a claim under § 42 U.S.C. § 3604(b), titled 'Discrimination in the sale or rental of housing and other prohibited practices.'" ECF No. 16 at 2. It is axiomatic that federal courts construe a pleading "by its substance rather than by its form or label," pursuant to Rule 8 of the Federal Rules of Civil Procedure. *In re Blewitt*, 14 B.R. 840, 842 (9th Cir. 1981). As the defendants observe, Brown "wrongfully attempt[ed] to utilize [her] own typographical error to deprive this court of federal question jurisdiction, without being candid" about her error. ECF No. 16 at 3.

Brown chose to file a reply brief—inexplicably, doubling down on her position—rather than admit her mistake. ECF No. 18. She argued that the "responding [d]efendants do recognize that 24 U.S.C. § 3604(b) . . . does not suffice as a basis for arising[-]under jurisdiction. It is also undisputed that all of the [p]laintiffs' properly pled claims for relief rest in state law." *Id.* at 3. Brown recognizes that she cited to federal law in the Alexanders' complaint but continues to argue that "the [p]laintiffs' [c]omplaint does not state a claim under a federal law that would give this [c]ourt jurisdiction[.]" *Id.* at 3, 4.

I.   **I *sua sponte* dismiss the plaintiffs' claim for housing discrimination.**

A trial court may dismiss a claim *sua sponte* under Rule 12(b)(6) when the claimant cannot possibly win relief. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). That the Alexanders were both over the age of sixty and were the adoptive parents of a minor child bear on whether they belonged to a protected class. But they do not, by themselves, support any inference of discrimination. Instead, their claim of housing discrimination under 42 U.S.C. § 3604(b) rests entirely on conclusory allegations that, when stripped from the complaint as

required by *Ashcroft v. Iqbal*, render the complaint without basis in law or fact to support such a claim. A pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up).

The plaintiffs' claim of housing discrimination relies on their assertion that the defendants' actions were motivated by the plaintiffs' age and/or familial status. ECF No. 1-2 at ¶¶ 148–61. But the plaintiffs do not allege a single fact, or even the existence of facts beyond the present scope of their knowledge, tending to push that claim from possible to plausible. They contend that the defendants' decisions to (1) not to renew their lease and (2) evict them evince discrimination. *Id.* at ¶ 154. But the Alexanders make no mention of how they were discriminated against; a prima facie case of discrimination requires more than the defendants taking adverse housing actions, but rather that the defendants took adverse housing action due to the plaintiffs' age and/or familial status. *See Ohana v. Marriott*, 2016 WL 11760169, at *6 (C.D. Cal. Nov. 8, 2016) ("To state a claim under § 3604(b), a plaintiff must show she was subjected to different terms, conditions, or privileges **because of** a protected status." (cleaned up and emphasis added)). Put simply, the plaintiffs do not allege a single fact probative of causation. There is no way to construe the facts alleged in the complaint as supporting a prima facie case of housing discrimination, and for that reason, their housing discrimination claim must be dismissed with prejudice.

## II.    I decline to exercise supplemental jurisdiction over the plaintiffs' surviving state-law claims and remand this matter to Nevada's Eighth Judicial District Court.

Federal courts are "courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). And "when a federal court concludes that it lacks subject-matter jurisdiction, [it] must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500,

514 (2006). Having dismissed the plaintiffs' sole federal claim in this case, only supplemental (or pendent) claims arising under Nevada state law remain. "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 4784 U.S. 343, 357 (1988). It should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction." *Id.* at 350. In the usual case in which all federal-law claims are eliminated before trial, the balance of factors "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "Once [the court] dismisses all federal claims before it, [it] must 'reassess its jurisdiction by engaging in a pragmatic and case-specific evaluation of the myriad of considerations that may bear on the determination of whether to exercise supplemental jurisdiction.'" *Pure Wafer Inc. v. City of Prescott*, 845 F.3d 943, 960 (9th Cir. 2017) (Smith, J., dissenting) (quoting 16 James WM. Moore et al., *Moore's Federal Practice* § 106.66[1] (3d ed. 2016)).

After thorough consideration of the applicable law and the principles of judicial economy, procedural convenience, fairness to the litigants, and comity, I decline to exercise supplemental jurisdiction over the Alexanders' state-law claims. The factors of economy and convenience do not tip the scales significantly in either direction; this case is in the infancy of litigation before discovery has commenced. Remanding the case promotes fairness to the litigants, as the plaintiffs may pursue the case in the venue they originally selected (Nevada's state court) and the defendants will benefit from a court well-equipped to handle state-law claims. And remand also promotes comity by permitting the state court to preside over state-law claims, as when "it appears that the state issues substantially predominate," as they do here "in terms of proof, of the scope of the issues raised, [and] of the comprehensiveness of the remedy sought, the state claims may . . . be left for resolution to state tribunals." *United Mine*

*Workers v. Gibbs*, 383 U.S. 715, 726 (1966). For those reasons, I remand this matter to Nevada's Eighth Judicial District Court, Department 4.

**III.     I deny the remaining motions as moot.**

As I have determined that this court should not exercise supplemental jurisdiction over the Alexanders' surviving claims, it would be improper for me to adjudicate either of the remaining motions on their merits. I thus deny the plaintiffs' motion to remand (ECF No. 13) as well as the defendants' motion to dismiss (ECF No. 17) as moot.

**IV.     I order Alexis L. Brown to show cause as to why she should not be sanctioned.**

Brown's initial mistake was a simple scrivener's error when drafting her clients' complaint—she transposed two adjacent numbers referencing a title of the U.S. Code to read "24" rather than "42"—and a mistake with which this court sympathizes, as typos plague all of us. But when the mistake was pointed out to her by the defendants, she disingenuously shifted the blame from the mistake onto them and failed to consider the substance of their brief. In doing so, she violated Nevada Rules of Professional Conduct 1.1 (a lawyer shall provide competent representation to a client), 3.1 (prohibiting lawyers from asserting issues unless there is a basis in law and fact for doing so that is not frivolous), 3.3 (prohibiting failure to correct a false statement of material law previously made by the lawyer), and 8.4 (prohibiting engaging in conduct that is prejudicial to the administration of justice). These rule violations prejudice the defendants, who are forced to expend resources responding to a frivolous motion, but also Brown's own clients, who may have potentially meritorious claims[1] mired by unnecessary motions practice brought about by their counsel's typo. The defendants have requested sanctions for Brown's behavior, ECF No. 16 at 3–4, and I find the imposition of sanctions to be appropriate in this matter. While Brown has terminated her representation of the Alexanders such that she cannot further harm their case, sanctions serve "to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

---

[1] This statement does not express any opinion or view of the Alexanders' state-court claims, nor should anything in this order be construed as such.

Under Rule 11 of the Federal Rules of Civil Procedure, an attorney's representations to the court must be presented for proper purpose, warranted by existing law or by a nonfrivolous argument for changing the law, have evidentiary support, and be reasonably based on the belief or lack of information by counsel. Fed. R. Civ. P. 11(b). If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, it may impose an appropriate sanction on any attorney responsible for the violation. Fed. R. Civ. P. 11(c)(1). An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction. Fed. R. Civ. P. 11(c)(6). This order will serve to fulfill the notice, description, and basis requirements of Rule 11, and I will give Brown a reasonable opportunity to respond. For the reasons described above, I order Alexis L. Brown, Esq., to **show cause** as to why she should not be sanctioned $100, plus reasonable attorneys' fees that can be proven by defense counsel, for the mistakes described above.

V.    **Conclusion**

IT IS HEREBY ORDERED that the plaintiffs' claim for housing discrimination under 42 U.S.C. § 3604(b) is **DISMISSED with prejudice.** IT IS FURTHER ORDERED that this matter is remanded to the Eighth Judicial District Court, Department 4, Case No. A-22-861082-C.

IT IS FURTHER ORDERED that the plaintiffs' motion to remand **[ECF No. 13]** and the defendants' motion to dismiss **[ECF No. 17] are DENIED as moot**.

IT IS FURTHER ORDERED that Alexis L. Brown, Esq. is to **show cause** on July 11, 2023, at 11:00 a.m. in LV Courtroom 6B at the Lloyd D. George Courthouse in Las Vegas, Nevada, as to why she should not be sanctioned $100, plus reasonable attorneys' fees that can be proven at the hearing by defense counsel.

DATED: June 15, 2023

_____
Cristina D. Silva
United States District Judge